UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT C. WASHINGTON,

        Petitioner,

v.                                            Case No. 21-cv-595-pp

LARRY FUCHS,

        Respondent.

---

**ORDER DENYING AS MOOT PETITIONER'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 5) AND SCREENING *HABEAS* PETITION (DKT. NO. 1)**

---

On May 11, 2021, the petitioner, who is incarcerated at Columbia Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2014 conviction for first-degree reckless homicide and first-degree reckless injury. Dkt. No. 1. On May 20, 2021, the petitioner filed a motion for leave to proceed without prepaying the $5.00 filing fee. Dkt. No. 5. The same day, the court received the petitioner's filing fee. This order screens the petition, allows the petitioner to proceed and orders the respondent to answer or otherwise respond. Because the petitioner has paid the filing fee, the court will deny as moot his motion to proceed without prepaying it.

**I.    Background**

The petition references Milwaukee County Case No. 14-CF-2814. Id. at 2. The court has reviewed the publicly available docket for that case. See State v.

1

Robert C. Washington, Milwaukee County Case No. 2014CF002814 (available at https://wcca.wicourts.gov). It shows that on October 27, 2014, the petitioner pled guilty to amended charges of first-degree reckless homicide and first-degree reckless injury. Id. Five weeks later, the state court sentenced the petitioner to thirty-two years of initial confinement followed by eight years of extended supervision on the reckless homicide count. Id. On the reckless injury count, the court imposed a consecutive sentence of nine years of initial confinement followed by three years of extended supervision. Id. The same day, the clerk entered judgment. Id.

On August 11, 2017, the petitioner filed in state court a motion for postconviction relief. Id. The trial court denied the motion a year later. Id. The petitioner appealed and on October 9, 2019, the Wisconsin Court of Appeals affirmed the trial court's judgment and denial of postconviction relief. Id. The petitioner filed a petition for review in the Wisconsin Supreme Court. Id. On February 11, 2020, the court denied review. Id. On May 11, 2021, the petitioner filed this federal *habeas* petition.

**II.     Rule 4 Screening**

  A.     Standard

Rule 4 of the Rules Governing Section 2254 Cases provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

2

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may be unable to consider the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

3

B. <u>Analysis</u>

The petition asserts three grounds for relief: (1) ineffective assistance of trial counsel, dkt. no. 1 at 7-21; (2) "W.W.'s statement acknowledging that he threw the basketball at [the petitioner] constitutes newly discovered evidence" and is a "manifest injustice" warranting a plea withdrawal, <u>id.</u> at 21-28; and (3) the petitioner "is entitled to resentencing because he was denied an effective advocate at sentencing," <u>id.</u> at 28-40.

Grounds one and three allege claims generally cognizable on federal *habeas* review. <u>See</u> <u>Adeyanju v. Wiersma</u>, 12 F.4th 669, 673 (7th Cir. 2021) (considering ineffective assistance of trial counsel claim on *habeas* review); <u>Campbell v. Smith</u>, 770 F.3d 540, 549 (7th Cir. 2014) (considering on *habeas* review whether counsel was ineffective during sentencing).

The court will not allow the petitioner to proceed on his second ground for relief. The petitioner argues that newly discovered evidence "constitute[s] a manifest injustice and warrant[s] a plea withdrawal." Dkt. No. 1 at 22. The petitioner explains that he believes he should be able to withdraw his pleas based on state law. <u>Id.</u> at 23 (citing <u>State v. McCallum</u>, 208 Wis. 2d 463, 473 (1997)). But a federal court cannot review a question of state law in a *habeas* proceeding. <u>Perruquet v. Briley</u>, 390 F.3d 505, 511 (7th Cir. 2004). To the extent the petitioner argues that the allegedly newly discovered evidence shows actual innocence, the court would not allow the petitioner to proceed on that claim. "'Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an

independent constitutional violation occurring in the underlying state criminal proceeding.'" Tabb v. Christianson, 855 F.3d 757, 764 (7th Cir. 2017) (quoting Herrera v. Collins, 506 U.S. 390, 390-91 (1993)).

Although the court is allowing the petitioner to proceed on his ineffective assistance claims, the court notes that it has concerns regarding the timeliness of the petition. The publicly available docket indicates that the Wisconsin Supreme Court denied the petition for review on February 11, 2020, and the petitioner did not file his federal *habeas* petition until May 11, 2021. That said, at this stage, the court does not have the benefit of a full record, and cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief on his alleged grounds. The court will allow the petitioner to proceed and order the respondent to answer or otherwise respond.

### III. Conclusion

The court **DENIES AS MOOT** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

The court **ORDERS** that the petitioner may proceed on grounds one and three as stated in his *habeas* petition.

The court **ORDERS** that within sixty days the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue.

If the respondent files an *answer* to the petition, the petitioner should not object to that answer. Instead, the court **ORDERS** that the parties must

comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition (in this brief, the petitioner should explain why he believes the court should grant him the *habeas* relief he requests);

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition to the petition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a *dispositive motion* (such as a motion to dismiss the petition), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date on which the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of

facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent).

The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 24th day of May, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**