UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT C. WASHINGTON,

        Petitioner,

v.                                          Case No. 21-cv-595-pp

LARRY FUCHS,

        Respondent.

**ORDER GRANTING PETITIONER'S MOTIONS FOR EXTENSION OF TIME (DKT. NOS. 14, 15) AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL (DKT. NOS. 10, 14, 15)**

On July 8, 2022, the respondent filed an answer to the petitioner's 28 U.S.C. §2254 *habeas* petition. Dkt. No. 12. Under the briefing schedule in the court's May 24, 2022 order (Dkt. No. 7), the petitioner's brief in support of his petition was due within forty-five days of service of the answer—by August 22, 2022. Dkt. No. 7 at 6. On July 11, 2022, the court warned the petitioner that if the court did not receive his brief by the end of the day on August 22, 2022, it would decide the case without any further input from the petitioner, which could result in the court dismissing the petition. Dkt. No. 13.

Meanwhile, on June 13, 2022, the court received from the petitioner a motion for appointment of counsel. Dkt. No. 10. On August 8, 2022, the court received from him a motion for an extension of time to file a brief in support of his petition and for appointment of counsel. Dkt. No. 14. The petitioner's August 8 motion included copies of letters sent from the petitioner to the State

1

Public Defender's office and several other law firms requesting representation for his *habeas* litigation. Dkt. No. 14-1. On August 15, 2022, the court received from the petitioner a second motion for an extension of time to file a brief in support of his petition and for appointment for counsel. Dkt. No. 15.

The court will grant the motions for extension of the deadline to file a brief in support of the petition and deny without prejudice the motions for appointment of counsel.

**I.  Motions for Extension of Time (Dkt. Nos. 14, 15)**

The original deadline for the petitioner to file his brief in support of his petition was August 22, 2022, and the court did not receive a brief by that date. The petitioner *did* file two motions for an extension of time, one of which the court received before the August 22, 2022 deadline.

The motion the court received on August 8, 2022 provides no explanation for why the petitioner needs an extension of time. The entire motion says, "I am requesting court for a time extension for the upcoming Petition and the court for council in the case no 21-CV-595-PP." Dkt. No. 14. The plaintiff attached to the motions letters he had sent to lawyers seeking assistance, as well as responses from some of those lawyers. Dkt. No. 14-1. But those letters do not explain why the petitioner could not file his brief in support of the petition by the August 22, 2022 deadline. The court suspects that the petitioner asked for an extension because he expected the court to appoint him a lawyer, and he wanted to wait until that lawyer had been appointed to file his brief.

2

The same is true for the motion the court received on August 15, 2022. Dkt. No. 15. This motion consisted of a single sentence, asking the court to give the petitioner a ninety-day extension of time to file his brief in support of his petition and to appoint counsel. Again, he did not explain why he needed the extension of time, but he attached a letter from the State Public Defender advising him that that office would not appoint counsel. Id. at 2-3.

Under Federal Rule of Civil Procedure 6(b)(1)(A)—applicable to *habeas* proceedings under Rule 12 of the Rules Governing Section 2254 Cases—the court may, for good cause, extend the time for a party to act. The petitioner has not shown good cause for an extension—he has not stated *any* cause for an extension. As stated above, the court suspects that he anticipated the court would appoint him a lawyer, and he wants an extension so that that lawyer may file his brief for him. The court will grant the plaintiff's requests for an extension—even though he has not shown good cause—because the court believes that the petitioner misunderstands the *habeas* process. But the court will not grant his motions to appoint a lawyer.

II.     **Motions for Appointment of Counsel (Dkt. Nos. 10, 14, 15)**

In his first motion for appointment of counsel, the petitioner argues that he needs a lawyer because he has relied almost exclusively on another incarcerated person, Oscar McMillian, to assist him with his legal needs due to his "physical and cognitive impairments that substantially limit his ability to investigate or respond;" the petitioner says that Mr. McMillian is not always available. Dkt. No. 10 at 1. The petitioner says that the incarcerated person

3

who assisted him with drafting his *habeas* petition is no longer available and he has not been able to find another person to assist him with the "complexities and difficulties of such an undertaking as a habeas petition." Id. at 2. The petitioner contends that he is "functionally illiterate" and that he has limited access to the prison's law library due to the maximum-security institution's restrictions. Id. at 1-2. In his second and third motions for appointment of counsel, the petitioner did not make any arguments; he simply attached copies of letters he has sent to various law firms and the State Public Defender's office as well as two responses denying his request for assistance. Dkt. No. 14-1; Dkt. No. 15.

There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). This is particularly true in *habeas* cases. The Seventh Circuit has held that although "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," the district court "may appoint counsel if 'the interests of justice so require.'" Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. §3006A(a)(2)(B)).

When evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and

4

legally—exceeds the plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 507 F.3d 647, 655 (7th Cir. 2007).

The court usually requires a petitioner to show that he has contacted at least three lawyers to establish that he made a reasonable attempt to secure counsel on his own. In his first motion, the petitioner contended that he requested assistance from more than three attorneys but received no responses. Dkt No. 10 at 2. The petitioner attached to his second motion three letters he sent to two legal offices and the State Public Defender's office, respectively. Dkt. No. 14-1. The petitioner also attached a letter received from a third legal office denying his request for legal assistance. Dkt. No. 14-1. The petitioner's third motion includes a letter from the State Public Defender's office informing the petitioner that it had reviewed his materials and was unable to assist him. Dkt. No. 15. The court concludes that the petitioner has satisfied the first requirement by contacting at least three lawyers and making a reasonable attempt to find a lawyer on his own.

But the court will not appoint counsel at this stage. The petitioner has not explained why his case is so complex that he cannot present it himself. His claims are relatively straightforward: he argues that his trial counsel was ineffective, that he should be allowed to withdraw his guilty plea due to newly discovered evidence and that he did not have an effective lawyer representing him at sentencing. Dkt. No. 7 at 4. While the petitioner says that he no longer has the help of the individual who assisted him in filing his petition, he has received help from Mr. McMillian. While he says Mr. McMillian is not always

5

available, the petitioner always has the ability to ask the court for additional time if he needs it. The plaintiff asserts that he is functionally illiterate; his motion to appoint counsel did not betray any evidence of that fact—perhaps because someone helped the petitioner prepare that motion. If so, that demonstrates that he *is* able to find help. The court finds that the legal, factual, and practical difficulties of the petitioner's *habeas* petition do not exceed his capacity to coherently litigate his case.

The respondent has filed an answer and now it is time for the petitioner to file a brief supporting his petition. That requires the petitioner to use the information that he knows about his case to explain why he believes his trial lawyer was ineffective, why he believes new evidence entitles him to withdraw his plea and why he believes his sentencing lawyer was not effective. The petitioner does not need to use complicated, legal language. He does not need to cite cases or statutes. He needs to tell the story of what happened in his case and why he believes that he is entitled to *habeas* relief. The court believes that he can find assistance in doing that.

The court is denying the petitioner's motion without prejudice, meaning that if there comes a time where the litigation becomes too complex for the petitioner to handle it on his own, he may renew the motion.

### III. Conclusion

The court **GRANTS** the petitioner's motions for an extension of time. Dkt. Nos. 14, 15.

6

The court **ORDERS** that if the petitioner wishes to proceed in this case, he must file a brief in support of his petition in time for the court to *receive* it by the end of the day on **November 4, 2022**.

The court **ORDERS** that the respondent has forty-five days after the petitioner files his supporting brief to file a brief in opposition.

The court **ORDERS** that the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

Under Civil Local Rule 7(f) (E.D. Wis.), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages, and reply briefs must not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The parties must double-space any typed documents.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motions for appointment of counsel. Dkt. Nos. 10, 14, 15.

Dated in Milwaukee, Wisconsin this 4th day of October, 2022.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**