UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT C. WASHINGTON,

        Petitioner,

  v.                                            Case No. 21-cv-595-pp

TIM THOMAS,[1]

        Respondent.

---

**ORDER DISMISSING *HABEAS* PETITION (DKT. NO. 1), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

On May 11, 2021, the petitioner, who is in custody at New Lisbon Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2014 conviction for first-degree reckless homicide and first-degree reckless injury. Dkt. No. 1. The court screened the petition and allowed the petitioner to proceed on two of the three grounds stated in his petition. Dkt. No. 7. On July 8, 2022, the respondent filed an answer to the petition. Dkt. No. 12.

The petition has been fully briefed since June 7, 2023. Dkt. Nos. 18, 20, 25. Since then, the court has received three letters from the petitioner requesting an update on the status of his petition. Dkt. Nos. 26, 27, 28. The court regrets that its caseload prevented it from addressing the petitioner's case sooner.

---

[1] Rule 2 of the Rules Governing Section 2254 cases requires the petitioner to "name as respondent the state officer who has custody." The petitioner is incarcerated at New Lisbon Correctional Institution. Tim Thomas is the warden of that institution. The court will update the caption accordingly.

1

I.  **Background**

   A.   State Court Proceedings

The petition refers to State v. Washington, Milwaukee County Case No. 2014CF002814. See Dkt. No. 12-1. The state charged the petitioner with one count of first-degree reckless homicide and one count of first-degree reckless injury (each with an enhancement for the use of a dangerous weapon) after an incident where the petitioner shot a firearm at his two sons, injuring one and killing the other. Dkt. No. 12-5 at ¶2. Under a plea agreement, the state withdrew the dangerous weapon enhancements and the petitioner pled guilty to both counts. Id. at ¶4. The court sentenced the petitioner to a total of forty years of initial confinement and eleven years of extended supervision. Id.

The petitioner then filed a postconviction motion arguing that his trial counsel was ineffective. Id. at ¶5. The petitioner argued that his counsel failed to advise him that if he went to trial, he could request a jury instruction for lesser-included offenses. Id. He argued that counsel did not sufficiently advocate for him at sentencing. Id. The petitioner also filed a supplemental motion arguing that he was entitled to withdraw his guilty plea based on newly discovered evidence.[2] Id.

At an evidentiary hearing on the postconviction motion, the petitioner's counsel, Robert Taylor, testified that he had "discussed every aspect of going to trial. . . which included lesser-includeds" with the petitioner prior to the petitioner accepting the plea agreement. Id. at ¶6. Attorney Taylor testified that he could not recall whether he *specifically* had discussed with the petitioner the availability of jury instructions for lesser-included offenses but he testified

---

[2] At screening, the court dismissed the claim related to newly discovered evidence and so will not address the petitioner's arguments on that claim in this decision. Dkt. No. 7 at 4–5.

2

that he had spoken with the petitioner about his case nineteen times at the county jail. Id. As for the sentencing hearing, Taylor testified that in his argument he had stressed the accidental nature of the shooting. Id.

The petitioner testified that he never had discussed with Taylor either lesser-included offenses or the possibility of related jury instructions should he go to trial. Id. at ¶8. The circuit court asked Taylor to look through his files to see if he had any notes about whether he'd spoken with the petitioner about lesser-included offenses. Id. at ¶9. Taylor wrote a letter to the court stating that he did not have "any specific notes regarding this subject" but reiterated that he had "exhaustively discussed every aspect of a possible jury trial as well as all sentencing possibilities and court proceedings." Id.

The circuit court denied the petitioner's postconviction motion, determining that Taylor's testimony was credible and that he had provided effective assistance to the petitioner, including discussing lesser-included offenses. Id. at ¶10. The court also found that a more "supportive" argument from Taylor at sentencing would not have influenced the court's sentencing decision. Id.

The petitioner appealed. He challenged the circuit court's factual finding that Taylor had advised him about the possibility of lesser-included offenses, pointing to his own testimony and Taylor's letter to the court stating that he did not recall specifically discussing this issue with the petitioner. Dkt. No. 12-2 at 22. The petitioner contended that Taylor's letter was his "final word on the subject" and that the court should treat it as superseding Taylor's oral testimony. Id. at 23. The petitioner states that the circuit court didn't consider Taylor's letter and "acted as if these statement in the letter just didn't exist," calling into question the legitimacy of the court's factual finding. Id. at 23–24.

Regarding the sentencing hearing, the petitioner argued that Taylor made few, if any, positive statements about the petitioner and included no arguments about the petitioner's health concerns. Id. at 50–51. According to the petitioner, Taylor made "prosecutorial-like" statements about the tragic nature of the offense and expressed his own "moral outrage" about the petitioner's actions. Id. at 51–52. He argued that "[h]ad Mr. Taylor given a competent sentencing argument, there is a reasonable probability that [the petitioner] would have received a more favorable sentence." Id. at 54.

The court of appeals affirmed the circuit court's decision. Dkt. No. 12-5. The court stated that it would not second-guess the circuit court's credibility determinations because its findings were "not clearly erroneous. Id. at ¶16. The court determined that even if Taylor had made more "supportive" arguments at sentencing, it would not have changed the outcome because the court had considered all the relevant facts, including the presentence report and the petitioner's own statements. Id. at ¶23.

The petitioner filed a petition for review with the Wisconsin Supreme Court, which that court denied on February 11, 2020. Dkt. No. 12-8 at 1 (court of appeals docket sheet).

    B.    Federal *Habeas* Petition

The petitioner filed this federal *habeas* petition on May 11, 2021. Dkt. No. 1. He raised the same ineffective assistance of counsel arguments in his *habeas* petition as he raised in his postconviction motion, namely that counsel was ineffective for failing to advise him about the possibility of jury instructions for lesser-included offenses at trial and failing to advocate for him at sentencing. Id. at 7, 28. He also raised his newly discovered evidence claim regarding his son's statement. Id. at 21.

The court screened the petition and allowed the petitioner to proceed on the two ineffective assistance of counsel claims. Dkt. No. 7 at 4. The court dismissed the newly discovered evidence claim because the court cannot review a question of state law in a *habeas* case. Id. The respondent answered the petition, dkt. no. 12, and the court set a briefing schedule on the merits, dkt. no. 13.

C. Merits Briefing

1. *Petitioner's Brief (Dkt. No. 18)*

The petitioner first argues that his guilty plea was not "knowing, intelligent, and voluntary . . . not only for the reasons stated in [his] original postconviction motion, but also because [his] trial attorney was ineffective to failing to interview [the petitioner's] son." Dkt. No. 18 at 1. This was not one of the grounds raised in the petitioner's *habeas* petition or during his postconviction proceedings. The court cannot consider grounds that are raised for the first time in a brief. Even if the petitioner had properly raised this ground in his *habeas* petition, it does not appear that he fairly presented it to the state court, which means he did not properly exhaust his remedies as to this claim. Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001) (petitioner "must present both the operative facts and the legal principles that control each claim to the state judiciary; otherwise, he will forfeit federal review of the claim").

The petitioner next presents his arguments that Attorney Taylor failed to properly advise him of the availability of lesser-included offense instructions. Dkt. No. 18 at 3. The petitioner states that at the time he entered into the plea agreement, "he did not even know what a lesser-included offense was" and that he testified as much at the state court evidentiary hearing on his postconviction motion. Id. He states that potential lesser-included offenses

5

were second-degree reckless homicide, homicide by intoxicated use of a firearm and homicide by negligent handling of a dangerous weapon, each of which carried lower maximum sentences than the charges to which he plead guilty. Id. The petitioner contends that he would have insisted on going to trial had he known about the availability of jury instructions regarding those lesser offenses. Id. The petitioner argues that Taylor's letter to the circuit court shows that Taylor did not actually discuss this option with the petitioner prior to the petitioner accepting the plea agreement. Id. at 4, 7. He argues that the court's factual finding that Taylor *did* discuss lesser-included offenses with the petitioner is erroneous and rings "hollow" in the face of the statements in the letter. Id. at 7.

The petitioner argues that Taylor's failure to advise him about the availability of lesser-included offenses jury instructions constitutes deficient performance. Id. at 8–9. The petitioner argues that without this information, he was not able to make a fully informed decision about whether to accept the plea agreement. Id. at 9. He contends that this was prejudicial because a conviction on any of the lesser-included offenses would have carried a lower maximum term of imprisonment. Id. at 10.

The petitioner next argues that Taylor's performance at the sentencing hearing was "utterly deficient." Id. at 14. He states that Taylor did not argue that any sentence of twenty years or more would effectively be a life sentence given the petitioner's age and health issues. Id. The petitioner contends that the "very limited positive comments" that Taylor made were "overshadowed" by his negative comments. Id. The petitioner states that Taylor repeatedly stressed the "tragic nature of the offense" rather than advocating for the petitioner. Id. The petitioner points out that Taylor did not make a sentencing

recommendation, stating that he was "going to punt" and asserting that a "message" needed to be sent with the petitioner's sentence. Id. at 15. The petitioner argues that this amounted to constructive denial of assistance of counsel, which is "legally presumed to result in prejudice." Id. The petitioner believes that had Taylor explained more context around the incident and the petitioner's background, the outcome at sentencing would have been different. Id. at 16–17.

The petitioner's brief also contains arguments about his newly discovered evidence claim, but because the court dismissed that claim at screening, it will not address those arguments.

2.  *Respondent's Brief (Dkt. No. 20)*

The respondent asserts that the petitioner needs to show not only that his counsel's performance was ineffective under Strickland v. Washington, but also that the state court's resolution of his ineffective assistance claims was contrary to, or involved an unreasonable application of, the Strickland standard. Dkt. No. 20 at 8 (citing Taylor v. Bradley, 448 F.3d 942, 948–49 (7th Cir. 2006)). The respondent argues that the petitioner's brief focuses only on his counsel's ineffectiveness and fails to make any argument as to the state court's application of Strickland. Id. at 10–11.

The respondent contends that the state court's factual findings can be rebutted only by "clear and convincing evidence," which the respondent maintains the petitioner has not provided. Id. at 12 (quoting 28 U.S.C. §2254(e)(1)). He argues that although Attorney Taylor's letter admits that that he had no "specific notes" regarding discussions with the petitioner about lesser-included offenses, he made other statements about meeting with the petitioner nineteen times and "exhaustively discuss[ing] every aspect of a

7

possible jury trial." Id. The respondent argues that the lack of specific notes regarding the topic is not clear and convincing evidence that Taylor and the petitioner never discussed lesser-included offenses. Id. The respondent asserts that because the state court also made findings regarding the credibility of Taylor's testimony, this court should give those factual findings and credibility determinations even more deference. Id. at 13–14.

The respondent argues that the state court properly applied Strickland when it determined that Taylor's arguments at sentencing did not prejudice the petitioner. Id. at 14. The respondent argues that the sentencing court considered all the relevant facts surrounding the incident, including the presentence report and the petitioner's sentencing testimony, and confirmed that its decision would not have been different if Taylor made any "more supportive" arguments. Id. at 15. The respondent contends that because the sentencing court was the same court that had ruled on the postconviction motion and stated that its decision would not have been different in the face of different arguments by Taylor, the court of appeals reasonably concluded that there was no prejudice from Taylor's arguments at sentencing. Id. at 16. The respondent argues that there is no basis for this court to disturb the state court's finding on this issue. Id.

        3.    *Petitioner's Reply Brief (Dkt. No. 25)*

The petitioner filed a thirty-page reply brief, double the page limit set in Civil Local Rule 7(f) (E.D. Wis.). Dkt. No. 25. The petitioner did not ask the court's permission to file an oversized brief. In the reply brief the petitioner also raises new arguments regarding plea withdrawal, asserting that his plea was not knowing, intelligent and voluntary because he was not aware that he was waiving his right to remain silent by entering his plea. Id. at 4, 8–9. The

8

remainder of the plaintiff's reply brief essentially is a restatement of his opening brief. He does not address the respondent's arguments or identify how the state court's decision was contrary to, or an unreasonable application of, Strickland.

A party waives arguments made for the first time in a reply brief, because doing so does not give the opposing party an opportunity to respond. See, *e.g.*, White v. United States, 8 F.4th 547, 52 (7th Cir. 2021). Nor will the court consider the arguments in the last fifteen pages of the petitioner's reply brief, because he did not obtain the court's permission to file an oversized reply brief.

## II. Analysis

### A. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may grant *habeas* relief only if the state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Miller v. Smith, 765 F.3d 754, 759-60 (7th Cir. 2014) (quoting 28 U.S.C. §2254(d)(1), (2)). A federal *habeas* court reviews the decision of the last state court to rule on the merits of the petitioner's claim. Charlton v. Davis, 439 F.3d 369, 374 (7th Cir. 2006).

"'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Williams v. Taylor, 529 U.S. 362, 410 (2000)). Indeed, "[t]he 'unreasonable application' clause requires the state court decision to be *more* than incorrect or erroneous. The state court's

9

application of clearly established law must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 71 (2003) (emphasis added). In other words, §2254(d)(1) allows a court to grant *habeas* relief only where it determines that the state court applied federal law in an "objectively unreasonable" way. Renico, 559 U.S. at 773. "A state court's determination that a claim lacks merit precludes federal *habeas* relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 102 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). "The standard under § 2254(d) is 'difficult to meet' and 'highly deferential.'" Saxon v. Lashbrook, 873 F.3d 982, 987 (7th Cir. 2017) (quoting Cullen v. Pinholster, 563 U.S. 170, 181 (2011)).

B.  Ineffective Assistance of Counsel

"Under *Strickland v. Washington's* familiar, two-pronged test for ineffective assistance of counsel, [the petitioner] must demonstrate that (1) his counsel's performance was deficient; and (2) that deficiency resulted in prejudice." United States v. Berg, 714 F.3d 490, 496-97 (7th Cir. 2013) (citing Strickland, 466 U.S. at 687). "The performance prong of *Strickland* requires a [petitioner] to show 'that counsel's representation fell below an objective standard of reasonableness.'" Lafler v. Cooper, 566 U.S. 156, 163 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 57 (1985)). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Harrington, 562 U.S. at 105 (quoting Strickland, 466 U.S. at 690). "To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different.'" Lafler, 566 U.S. at 163 (quoting Strickland, 466 U.S. at 694).

In the context of federal *habeas* proceedings, the Supreme Court has stated that

> [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254 is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential", and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

Harrington, 562 U.S. at 105 (internal citations and quotations omitted). "[O]nly a clear error in applying *Strickland* would support a writ of *habeas corpus*." Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (quoting Murrell v. Frank, 332 F.3d 1102, 1111 (7th Cir. 2003)). The issue is whether the state court "took the constitutional standard seriously and produce[d] an answer within the range of defensible positions." Id. (quoting Mendiola v. Schomig, 224 F.3d 589, 591 (7th Cir. 2000)) (alteration in original).

The petitioner argues that his trial counsel was ineffective for two reasons: (1) he allegedly did not inform the petitioner about the possibility of requesting jury instructions regarding lesser included offenses at trial before the petitioner entered a plea agreement and (2) he allegedly did not effectively advocate for the petitioner at the sentencing hearing. Dkt. No. 18 at 3, 14. As the respondent points out, the petitioner has made no arguments about the state court's application of Strickland or whether that application was "objectively unreasonable." The petitioner appears to argue that the state court

made an unreasonable determination of the facts by challenging the court's credibility determinations and factual findings regarding Attorney Taylor's testimony.

The court of appeals did not make an unreasonable determination of the facts. The circuit court found that Taylor had discussed lesser-included offenses with the petitioner. The court of appeals stated that it would not reverse those factual findings unless they were clearly erroneous. Dkt. No. 12-5 at ¶14. The court of appeals considered the evidence presented to the circuit court at the evidentiary hearing—namely Taylor's and the petitioner's testimony—as well as Taylor's subsequent letter to the court. Id. at ¶16. The court of appeals pointed out that the circuit court had found Taylor's testimony credible and the petitioner's testimony not credible. Id. The court stated it would not set aside credibility determinations made by the trial court unless those determinations were "clearly erroneous," meaning that "as a matter of law, that no finder of fact could believe the testimony." Id. (quoting Teubel v. Prime Dev., Inc., 249 Wis. 2d 743, 751 (Wis. Ct. App. 2001)). Ultimately, the court of appeals determined that the record supported the circuit court's credibility determinations and factual findings and affirmed that Taylor was not ineffective on this ground. Id.

This court agrees. Attorney Taylor's testimony supports a finding that he advised the petitioner about lesser-included offenses. The only evidence the petitioner raises to rebut the state court's factual findings is Taylor's letter stating that he had no specific notes about discussing lesser-included offenses with the petitioner. But both the trial court and the court of appeals considered Taylor's letter when making (and affirming) the factual findings from the evidentiary hearing. The petitioner needed to rebut the state court's factual

12

finding by "clear and convincing evidence;" otherwise the factual determinations by the state court must be "presumed to be correct" on *habeas* review. 28 U.S.C. §2254(e)(1). The petitioner has not rebutted the state court's factual findings by clear and convincing evidence. So, based on the factual findings in the state court, there is a "reasonable argument" that Taylor provided effective assistance of counsel. He testified that he discussed the possibility of lesser-included offenses with the petitioner prior to the petitioner accepting a plea agreement. That evidence shows that the petitioner had the relevant information he needed to decide whether to plead guilty. The court will not grant *habeas* relief on this ground.

Nor will the court grant *habeas* relief based on the petitioner's argument that counsel was ineffective at sentencing. The court of appeals again considered the record, including Taylor's statements at sentencing and the circuit court's finding that the petitioner's sentence would have remained the same even if Taylor had advocated more strongly for the petitioner. Dkt. No. 12-5 at ¶21-23. As recounted by the court of appeals, the circuit court stated that it considered the facts of the case, the presentence report, the petitioner's sentencing statement and the petitioner's wife's statement at sentencing and stated that it "did not have to accept [the petitioner's] 'gun just went off' version for purposes of sentencing." Id. at ¶23. The court of appeals agreed that there was no prejudice to the petitioner and that the sentence would not have been different if Taylor had made different arguments at the sentencing hearing.

Again, this court agrees. Accepting the findings made by the circuit court, there is a "reasonable argument" that no prejudice resulted from any potential deficiencies in Taylor's performance. As the respondent points out, "the very judge whose decision [the petitioner] alleges would have been different

13

had Taylor argued differently at sentencing has *told us* that his decision would *not* have been different." Dkt. No. 20 at 16 (emphasis in original). Based on that record, the court of appeals reasonably determined that there was no prejudice to the petitioner.

The petitioner has not demonstrated that the court of appeals' decision was contrary to, or involved an unreasonable application of, Strickland, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented. Because the petitioner has not met that burden, he is not entitled to *habeas* relief.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists could not debate whether the petitioner's claims warrant *habeas* relief under 28 U.S.C. §2254(d).

### IV. Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Tim Thomas is the correct respondent.

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1.

14

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 19th day of February, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
